UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jackie B. Wood, | ) C/A  **8:07-3622-GRA-WMC** |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Bobby Harrelson; and Dillon Supply Company, | ) |
| Defendant(s). | ) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The plaintiff brings the instant claim pursuant to Title VII of the Civil Rights Act of 1964 (Title VII). The plaintiff alleges wrongful termination after extensive sexual harassment.

Title VII creates a federal cause of action for employment discrimination. *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 136-37 (4th Cir. 1995). A Title VII plaintiff must first exhaust administrative remedies before filing a claim in federal court. *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999). A federal court can assume jurisdiction over a Title VII claim only after the plaintiff has complied with the various administrative procedures set forth in 42 U.S.C. § 2000e-5(b). *Davis* at 136-137. These procedures "include an investigation of the complaint and a determination by the [Equal Employment Opportunity Commission (EEOC)] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." *Id.* at 137. The plaintiff's claim with the EEOC "defines the scope of [her] subsequent right to institute a civil suit." *Smith v. First Union National Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit.

When the state in which the alleged discrimination occurred has enacted a law "prohibiting the unlawful employment practice alleged" and "has establish[ed] or authoriz[ed] a State or local authority to grant or seek relief from such practice," proceedings must first be commenced under the state law before a charge may be filed with the EEOC. *Davis* at 137 (quoting § 2000e-5(c)). South Carolina has anti-discrimination laws similar to those of

Title VII and a "deferral agency", the South Carolina Human Affairs Commission (SCHAC), with essentially the same powers as the EEOC. Accordingly, a claimant must first file her claim with such agency. *See id*. (under § 2000e-5(c), "commencement of proceedings under state law is a prerequisite to EEOC action where a state remedial scheme exists."). The purpose of this deferral procedure is to give the state agency a chance to resolve the claim and thereby possibly alleviate the need for the involvement of the federal agency or courts.[*] *See id.* at 136.

Thus, Title VII provides that "a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim." *Davis* at 138 (citing § 2000e-5(b)). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is *essential* to initiation of a private Title VII suit in federal court." *Id.*

The plaintiff has not alleged in her complaint that she received either a right-to-sue letter or is entitled to a right-to-sue letter. In fact, in response to the Court's Special Interrogatories, Plaintiff admits that she has not filed an administrative complaint with either the EEOC or the SCHAC. The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Id*. at 140. Where the complaint does not allege that the plaintiff has

---

[*] The timely filing of a verified complaint with the EEOC is another precondition to filing suit. In South Carolina and other deferral states, the complaint must be filed with the EEOC by the earlier of 300 days from the last discriminatory act or 30 days from the termination of the state agency's proceeding.

complied with Title VII's prerequisites, "the plaintiff has not 'properly invoked the court's jurisdiction under Title VII'." *Id*. (quoting *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)). This Court is precluded from hearing the case as the Court cannot exercise jurisdiction over the plaintiff's claim.

### **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

December 13, 2007

Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).